UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JASON THOMAS,** ) | |
| Plaintiff, ) | |
| ) | |
| v ) | **C.A. No.:** |
| ) | |
| **NATIONAL RECOVERY** ) | |
| **AGENCY,** ) | **COMPLAINT AND DEMAND** |
| Defendant. ) | **FOR JURY TRIAL** |
| _____ ) | |

## COMPLAINT

JASON THOMAS ("Plaintiff"), by and through his attorney, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against NATIONAL RECOVERY AGENCY ("Defendant"):

## INTRODUCTION

**1.** Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Hartford, Connecticut 06120.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its corporate headquarters located at 2491 Paxton Street, Harrisburg, Pennsylvania 17111.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Upon information and belief, Defendant was attempting to collect an alleged consumer debt from Plaintiff belonging to an unknown third-party, Keil Cole Sinclair.

13. The alleged debt at issue arose out of transactions that were primarily for personal, family or household purposes.

14. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt.

15. In the last twelve months, Defendant's collectors began placing repeated harassing telephone calls to Plaintiff's cellular telephone.

16. Defendant's harassing debt collection calls derived from numbers including, but not limited to, (800) 814-6580. The undersigned has confirmed that this phone number belongs to the Defendant.

17. Plaintiff informed Defendant that it had the wrong number, that he was not the person they were calling for and to stop calling.

18. However, Defendant ignored Plaintiff's request and continued to call him.

19. Plaintiff reiterated the request for calls to cease on multiple occasions but the calls continued.

20. Once Defendant knew its calls were unwanted any continued calls thereafter could only have been for the purpose of harassing Plaintiff.

21. Defendant's calls were particularly annoying for Plaintiff as he often received them while he was at work.

22. In an effort to stop the repeated calls, Plaintiff took measures to block Defendant's number.

23. Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying an alleged debt belonging to another.

24. Defendant's actions as described herein were made with the intent to harass, upset, deceive and coerce payment from Plaintiff.

**DEFENDANT VIOLATED THE
FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

25. Defendant's conduct violated 15 U.S.C. §1692d and 1692d(5).

    a. A debt collector violates §1692d of the FDCPA by engaging in

       conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

  b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

  c. Here, Defendant violated §1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on his cellular telephone and continuing to call after being told they had the wrong number and to stop calling.

## COUNT II

26. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §1692e and 1692e(10) of the FDCPA.

  a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

  b. A debt collector violates §1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  c. Here, Defendant violated §1692e and 1692e(10) when it was attempting to collect a debt knowing that the alleged debt did not belong to Plaintiff.

## COUNT III

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f of the FDCPA.

  a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

  b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone after he told them to stop calling.

WHEREFORE, Plaintiff, JASON THOMAS, respectfully prays for judgment as follows:

  a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JASON THOMAS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

JASON THOMAS
By his Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: March 7, 2017